## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ANDRE J.W. QUEEN, SR. and MARIA QUEEN, individually and on behalf of all others similarly situated,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| ) **v.** ) | **Civil Action No. _____** |
| ) **ANITA ALVAREZ, solely in her official capacity as State's Attorney for Cook County, and ROBERT BERLIN, solely in his official capacity as State's Attorney for DuPage County,** ) ) ) ) ) ) | |
| **Defendants.** ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

NOW COME the Plaintiffs, ANDRE J.W. QUEEN, SR. and MARIA QUEEN, by and through their attorneys, Charles J. Cooper and David Thompson of Cooper & Kirk, P.L.L.C. and William N. Howard of Locke Lord LLP, for their complaint against Defendants, ANITA ALVAREZ and ROBERT BERLIN, solely in their official capacities as State's Attorneys for the State of Illinois, state as follows:

### INTRODUCTION

1.      This is an action to vindicate the right of law-abiding citizens of the State of Illinois to keep and *bear* arms under the Second Amendment to the United States Constitution. In *Moore v. Madigan*, the Seventh Circuit held that the State of Illinois's "flat ban on carrying ready-to-use guns outside the home," 702 F.3d 933, 940 (7th Cir. 2012), violates the Second

Amendment. This is an action to ensure that the fundamental Second Amendment right to carry firearms in public confirmed by *Moore* is enforced throughout the State of Illinois.

2.     The Supreme Court has unequivocally declared that the Second Amendment "guarantee[s] the individual right to possess *and carry*" arms. *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008) (emphasis added). In *McDonald v. City of Chicago*, 130 S. Ct. 3020, (2010), the Supreme Court made clear that, like other fundamental constitutional rights, the right to keep and bear arms is protected against infringement by state and local governments.

3.     Following the reasoning set down by the Supreme Court in *Heller* and *McDonald*, in December of last year the Seventh Circuit Court of Appeals struck down Illinois's ban on carrying firearms in public as violating the Second Amendment. *See Moore*, 702 F.3d 933. In striking down that ban, the Seventh Circuit noted that "[t]he Supreme Court has decided that the [Second] [A]mendment confers a right to bear arms for self-defense, which is as important *outside* the home as inside." *Id.* at 942.

4.     The Seventh Circuit ordered the district courts involved in the consolidated cases on appeal to enter declarations of unconstitutionality and permanent injunctions, but stayed the mandate for 180 days "to allow the Illinois legislature to craft a new gun law that will impose reasonable limitations, consistent with the public safety and the Second Amendment as interpreted in this opinion, on the carrying of guns in public." *Id.*

5.     Thus, in the wake of the Seventh Circuit's ruling in *Moore* it is clear that the Illinois statutes comprising Illinois's ban on public carriage of a firearm, 720 ILCS 5/24-1(a)(4), (a)(10) and 5/24-1.6(a)(3)(A)-(B), are unconstitutional. Nevertheless, until repealed and possibly replaced by new laws, those statutes remain on the books and, upon information and belief, the

Defendants named herein fully intend to continue enforcing those unconstitutional statutes even after the stay on the Seventh Circuit mandate expires. This places Plaintiffs, and others similarly situated, in jeopardy of unlawful prosecution under these unconstitutional Illinois laws and/or forces Plaintiffs, and others similarly situated, to forgo exercising their Second Amendment constitutional rights for fear of prosecution.

6.      The harm inflicted by the Illinois statutes banning public carriage of a firearm is irreparable. Every day these laws remain on the books and Plaintiffs, and other similarly situated law-abiding citizens, are forced to forgo their Second Amendment rights and/or face unlawful prosecution they suffer this irreparable harm. *See Ezell v. City of Chicago*, 651 F.3d 684, 698-99 (7th Cir. 2011). An injunction against the enforcement of these statutes must be issued.

## PARTIES

7.      Plaintiff Andre J.W. Queen, Sr. is a resident of Chicago in Cook County and a citizen of the United States.

8.      Plaintiff Maria Queen is a resident of Chicago in Cook County and a citizen of the United States.

9.      Defendant Anita Alvarez ("Alvarez") is being sued solely in her official capacity as the State's Attorney of Cook County, Illinois, and is charged with the prosecution of all actions, suits, indictments, and prosecutions, civil and criminal, in the Circuit Court for Cook County. *See* 55 ILCS 5/3-9005(a)(1). Defendant Alvarez is likewise charged to give her opinion to any county officer in Cook County, upon any question or law relating to any criminal or other matter, in which the people or the county may be concerned. *See* 55 ILCS 5/3-9005(a)(7).

3

10.     Defendant Robert Berlin ("Berlin") is being sued solely in his official capacity as the State's Attorney of DuPage County, Illinois, and is charged with the prosecution of all actions, suits, indictments, and prosecutions, civil and criminal, in the Circuit Court for DuPage County.  *See* 55 ILCS 5/3-9005(a)(1).  Defendant Berlin is likewise charged to give his opinion to any county officer in DuPage County, upon any question or law relating to any criminal or other matter, in which the people or the county may be concerned.  *See* 55 ILCS 5/3-9005(a)(7).

11.     Alvarez, Berlin, and their officers, agents, and employees will sometimes hereafter be referred to as "Defendants."

## JURISDICTION

12.     Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of law, of rights secured by the United States Constitution.

13.     This action seeks relief pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. §§ 1983 and 1988.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

14.     The Second Amendment to the United States Constitution provides:  "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

15.     The Fourteenth Amendment to the United States Constitution provides, in part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protections of the laws.

4

16.    The Second Amendment is applicable to the States and political subdivisions thereof through the Fourteenth Amendment.

17.    The State of Illinois, nevertheless, infringes the Second Amendment right of Mr. and Mrs. Queen and other law-abiding citizens to bear arms through the operation of statutes that amount to a "flat ban on carrying ready-to-use guns outside the home." *Moore*, 702 F.3d at 940. Specifically, Illinois's Unlawful Use of Weapons ("UUW") statute, 720 ILCS 5/24-1, provides in part:

> (a)    A person commits the offense of unlawful use of weapons when he knowingly:
> ****************
> (4)    Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm, except that this subsection (a)(4) does not apply to or affect transportation of weapons that meet one of the following conditions:
>
> > (i)    are broken down in a non-functioning state; or
> >
> > (ii)    are not immediately accessible; or
> >
> > (iii)    are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card.

18.    The UUW statute, 720 ILCS 5/24-1(a)(10), additionally provides in part:

> (a)    A person commits the offense of unlawful use of weapons when he knowingly:
> ****************
> (10)    Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town,

5

except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm, except that this subsection (a)(10) does not apply to or affect transportation of weapons that meet one of the following conditions:

(i) are broken down in a non-functioning state; or

(ii) are not immediately accessible; or

(iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card.

19. Finally, Illinois's Aggravated Unlawful Use of a Weapon ("AUUW") statute, 720 ILCS 5/24-1.6, provides in part:

(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; or,

(2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; and

6

      (3)    One of the following factors is present:

             (A)    the firearm possessed was uncased, loaded and immediately accessible at the time of the offense; or

             (B)    the firearm possessed was uncased, unloaded and the ammunition for the weapon was immediately accessible at the time of the offense; . . . .

20.    Because the Illinois statutes set forth above have been found by the Seventh Circuit Court of Appeals to prohibit the right to keep and bear arms and the ability to carry firearms in Illinois, they infringe on the right of the People, including Mr. and Mrs. Queen and other similarly situated, law-abiding citizens, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution and are thus null and void. *See Moore*, 702 F.3d 933; *see also Heller*, 554 U.S. 570; *McDonald*, 130 S.Ct. 3020.

## FACTS

21.    Plaintiff Andre J.W. Queen, Sr. is a licensed private detective, who has been licensed in the State of Illinois since June of 2000. He is also a licensed Private Security Contractor and a registered firearms instructor. Mr. Queen owns and operates his own business, Fidelity Security & Investigative Services, Inc.; and, since 1992, he has been legally allowed to carry a firearm while on duty either in his capacity as a state registered security/investigative employee or as a licensed private detective.

22.    Plaintiff Maria Queen is a state-registered security/investigative employee qualified and legally allowed to carry a firearm while on duty as an employee since 2009. She has worked as an armed employee since April 2011 for Fidelity Security & Investigative Services, Inc.

23.     While both Mr. and Mrs. Queen are legally permitted to carry a firearm while on duty, when off duty they are like any other citizen of Illinois and have been banned from carrying a firearm by the State's ban on public carriage.   Both Mr. and Mrs. Queen travel throughout the State, including in Cook County, where they live, and in DuPage County, which borders Cook County, and wish to be able to carry a firearm for their personal protection and self-defense when off-duty.   Indeed, given the nature of their jobs, which at times involves investigating and even arresting violent felons, the Plaintiffs have an understandable desire to be able to protect themselves when off-duty.   When the stay on the mandate from Seventh Circuit declaring the laws comprising Illinois's ban on public carriage expires, both Mr. and Mrs. Queen intend to begin publicly carrying firearms as they are legally permitted to do in jurisdictions throughout the State.   But in at least two jurisdictions, Cook and DuPage counties, Plaintiffs will either have to forgo their Second Amendment rights or risk being prosecuted by the State's Attorneys for those counties who have made clear they will continue to enforce the statutes found unconstitutional by the Seventh Circuit.

24.     But for the concern that Defendants will continue enforcing the unconstitutional ban on public carriage, Plaintiffs would otherwise be legally entitled to carry a firearm once the stay on the Seventh Circuit mandate expires.   Both Mr. and Mrs. Queen are eligible under the laws of the United States and the State of Illinois to receive and possess firearms.

25.     As required by Illinois law, both Mr. and Mrs. Queen possess valid, current Firearm Owners Identification ("FOID") cards.   In the State of Illinois, a FOID card is required for any Illinois resident to acquire and possess a firearm or firearm ammunition, unless that individual is specifically exempted by statute.   *See* 430 ILCS 65 ("Illinois Firearm Owners

8

Identification Card Act"). To obtain a FOID card, an individual must pay a $10 non-refundable application fee and submit to the Illinois State Police a current photo and completed application containing but not limited to the following information: name, address, driver's license or Illinois State Identification Number, gender, race, height, weight, felony convictions, treatment for mental illness, substance abuse, narcotics addiction, intellectual disabilities, and citizenship. The applicant authorizes the Illinois State Police to verify any answers given with any government or private entity authorized to hold records relevant to the applicant's citizenship, criminal history, and mental health treatment or history. If the applicant is under age 21, their parent or guardian must fill out and sign the application for them, certifying the parent or guardian is not currently prohibited from holding a FOID card. As a general matter, individuals convicted of felony either in or outside Illinois, who are subject to an active Order of Protection, and who have been adjudicated as a mental defective cannot obtain a FOID card.

26.    Despite being eligible under the law to own firearms, and despite the fact that the statutory provisions set forth above comprising Illinois's ban on public carriage of firearms have been unequivocally declared unconstitutional by the Seventh Circuit, Plaintiffs Andre Queen and Maria Queen and other similarly situated, law-abiding citizens face arrest, prosecution, and incarceration should they carry a firearm outside their homes because the Defendants named herein have indicated they will continue to enforce these statutes, notwithstanding the Seventh Circuit's ruling.

27.    For example, in Cook County, Illinois, according to Paul Castiglione, director of policy in the Cook County State's Attorney's Office, his office will continue prosecuting violations of these unconstitutional statutes even after June 10, 2013 when the stay on the

Seventh Circuit's opinion expires. *See* Robert McCoppin, *Prosecutors, Judges Ignore Federal Ruling Against State Concealed Carry Ban*, CHICAGO TRIBUNE, Mar. 28, 2013, *available at* http://articles.chicagotribune.com/2013-03-28/news/ct-met-gun-law-challenge-20130328_1_legal-gun-owner-gun-advocates-illinois-supreme-court (attached hereto as "**Exhibit A**").

28.     Upon information and belief, the DuPage County State's Attorney, Robert Berlin, shares the same views as the Cook County's State's Attorney Office and will likewise continue enforcing these unconstitutional statutes after June 10, 2013. *See* Exhibit A.

29.     The concern that these Defendant State's Attorneys and others will continue to enforce the statutes that comprise the unconstitutional ban on public carriage of firearms is exacerbated by the fact that while State's Attorneys are considered state officials, they each may operate independently and the Attorney General cannot direct the prosecution activities of the 102 State's Attorneys. *See, e.g., People v. Buffalo Confectionery Co.*, 78 Ill. 2d 447, 454-58, 401 N.E. 2d 546, 549-51 (1980). Thus, when the injunction against enforcing these unconstitutional statutes issues against Attorney General Madigan, she cannot ensure that all the State's Attorneys abide by the Seventh Circuit's ruling making this lawsuit essential to vindicating Plaintiffs', and all other similarly situated individuals', rights.

## CLASS ALLEGATIONS

30.     Plaintiffs Andre Queen, Sr. and Maria Queen bring this action pursuant to FED. R. CIV. P. 23(b)(2) on behalf of themselves and a class of all current and future FOID cardholders in the State of Illinois who reside in and/or at any time travel to Cook County and/or DuPage County. Excluded from the Class are Defendants, their legal representatives, assigns, and

successors.  Also excluded is the Judge to whom this case is assigned and the Judge's immediate family.

31.     This class is easily identifiable as it consists at any given time of the universe of Illinois FOID cardholders who reside in Cook and DuPage counties or travel to those counties.

32.     Upon information and belief, there are over 1.4 million current FOID cardholders and applications are pending for tens of thousands more.  Upon information and belief, tens of thousands of current FOID cardholders reside in Cook County or DuPage County.  Thus, the Class consists of thousands of individuals, making joinder of each member of the class impractical.

33.     There are questions of law and fact common to the class.  In particular, the principal questions presented by this case are (1) whether the Second Amendment protects the right of law-abiding, responsible citizens to carry a firearm in public; (2) therefore, whether Illinois law banning the exercise of that right violates the Second Amendment; and (3) whether the Defendants can continue to enforce an unconstitutional state law.

34.     The claims of Plaintiffs Andre Queen, Sr. and Maria Queen are typical of the claims of all of the other members of the Class.  They are not seeking monetary damages; Plaintiffs, like members of the proposed class, all hold valid FOID cards allowing them to possess a firearm in Illinois; and Plaintiffs, like the proposed class, all face the threat of prosecution under unconstitutional laws should they choose to exercise their Second Amendment rights by carrying those firearms in public in Cook County or DuPage County.

35.     Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiffs' counsel have substantial experience in prosecuting complex

litigation. Furthermore, Plaintiffs' counsel have substantial experience with the gun laws at issue in this case as they represent the plaintiffs in *Shepard v. Madigan*, No. 12-1788 (7th Cir.), one of the two cases that was consolidated on appeal into *Moore, v. Madigan*—the case in which the Seventh Circuit, as noted throughout this complaint, found the Illinois statutes Plaintiffs seek to enjoin to be unconstitutional.

36.     Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

37.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions throughout the State or to piecemeal litigation in that it conserves the resources of the courts and litigators and promotes consistency and efficiency of adjudication.

38.     The threat of prosecution by Defendants and the irreparable harm caused to each member of the proposed class while unable to exercise their Second Amendment rights throughout Illinois is generally applicable to the class as whole, including but not limited to the Plaintiffs, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

39.     The factual and legal bases of Defendants' liability to Plaintiffs and to other members of the Class are the same, resulting in injury to the Plaintiffs and all of the other members of the Class. As discussed throughout this complaint, Plaintiffs and other members of

the Class have suffered harm as result of these unconstitutional statutes and Defendants' enforcement and intention to continue enforcement of them.

## COUNT I

**(U.S. Const. amends. II and XIV, 42 U.S.C. § 1983)**
**(On Behalf of Plaintiffs and the Class)**

40.     Plaintiffs restate and reallege, as though fully set forth herein, paragraphs 1 through 39 for their paragraph 40.

41.     Plaintiffs Andre Queen, Sr. and Maria Queen lawfully own firearms.  But for the statutory provisions set forth above, they would forthwith carry firearms with them in public so that they could be used for immediate self-protection and other lawful purposes.

42.     Plaintiffs Andre Queen, Sr. and Maria Queen and other law-abiding citizens of Illinois wish to carry their firearms for lawful defense throughout the State of Illinois.  But for the aforementioned statutes, Plaintiffs and other law-abiding citizens of Illinois who possess a FOID card would carry firearms pursuant to the laws and Constitution of the United States of America.

43.     These aforementioned provisions infringe upon and impose an impermissible burden upon the Plaintiffs' right to keep and bear arms under the Second and Fourteenth Amendments.

44.     As a result of the aforementioned statutory provisions and the enforcement thereof by Defendants and their agents and employees, Plaintiffs Andre Queen, Sr. and Maria Queen and other law-abiding citizens of Illinois are subjected to irreparable harm in that they are

unable to carry firearms in public to protect themselves. The aforementioned statutes violate Plaintiffs' and other similarly situated class members' Constitutional rights as set forth herein.

WHEREFORE, Plaintiffs pray that this Honorable Court:

A.     Certify this case as a class action on behalf of all current and future Illinois citizens who possess a valid FOID card and who reside in and/or at any time travel to Cook County and/or DuPage County; appoint Andre Queen, Sr. and Maria Queen as class representatives; and appoint their counsel as class counsel;

B.     Consistent with the Seventh Circuit's decision in *Moore v. Madigan*, enter a declaratory judgment that Illinois's "flat ban on carrying ready-to-use guns outside the home," 702 F.3d at 940, codified at 720 ILCS 5/24-1(a)(4), (a)(10), and 5/24-1.6(a)(3)(A)-(B), as set forth above, violates the Second and Fourteenth Amendments to the United States Constitution and is therefore null and void;

C.     Consistent with the Seventh Circuit's decision in *Moore v. Madigan*, once the stay on the mandate expires in *Moore*, enjoin Defendants and their officers, agents, and employees from enforcing Illinois's "flat ban on carrying ready-to-use guns outside the home," 702 F.3d at 940, codified at 720 ILCS 5/24-1(a)(4), (a)(10), and 5/24-1.6(a)(3)(A)-(B), as set forth above.

D.     Award Plaintiffs costs and attorneys' fees pursuant to 42 U.S.C. § 1988;

E.     Grant such other relief as may be proper.

Respectfully submitted,

Charles J. Cooper*  
David H. Thompson*  
Nicole Moss*  
Peter A. Patterson*  
COOPER & KIRK, PLLC  
1523 New Hampshire Avenue, N.W.  
Washington, D.C.  20036  
Tel: (202) 220-9600  
Fax: (202) 220-9601  
Email: ccooper@cooperkirk.com  

*Counsel for Plaintiffs*

s/ William N. Howard  
   William N. Howard  
   Atty. ID# 6190014  
   LOCKE LORD, LLP  
   111 South Wacker Drive  
   Chicago, IL  60606  
   Tel: (312) 443-0333  
   Fax: (312) 896-6433  
   Email: whoward@lockelord.com  

*Designated Local Counsel*

May 9, 2013

*Application for admission *pro hac vice* forthcoming.