# AMENDED EXHIBIT "A"

# NEWS

All Sections

Home > Featured Articles > Illinois Supreme Court

## Prosecutors, judges ignore federal ruling against state concealed carry ban

March 28, 2013 | By Robert McCoppin, Chicago Tribune reporter

Recommend 87    Tweet 1                    1

Despite a federal ruling that Illinois' concealed carry ban is unconstitutional, police, prosecutors and judges alike say they are disregarding the finding and continuing to enforce the law — at least for now.

Police say they continue to arrest those who violate the state's ban on carrying a gun in public, and prosecutors continue to charge them. Backing up the authorities — but perhaps creating more confusion — a state court ruled last week that the federal decision is not binding on Illinois courts and upheld the nation's last concealed carry ban as constitutional.



Deafalla Haddad, a married fath...

The resulting contradiction has left some people who have been charged with violating the law in a kind of legal limbo. They argue that they shouldn't be held liable for violating a law that the federal ruling tossed out.

Among them is a 29-year-old Chicago father of three — a legal gun owner whose attorney said has no criminal record — who faces a minimum of one year in prison if convicted of concealing a gun in his car that he was otherwise legally allowed to own.

Gun advocates, defense attorneys and constitutional law experts say a day of reckoning is coming. The issue may ultimately be decided by both lawmakers and the state or U.S. Supreme Court.

The unusual situation arose in December, when 7th U.S. Circuit Court of Appeals Judge Richard Posner ruled that the state law against carrying a gun in public violated the Second Amendment right to bear arms. Posner delayed enforcement of his ruling for six months to give state lawmakers time to craft a new law that could set some restrictions on carrying guns but would pass constitutional muster. That gives the General Assembly until June 8 to approve a bill.

The current law is commonly called a concealed carry ban, though the statute generally applies whether a gun is concealed or not. Illinois is the last state in the union with such a ban.

Since the federal ruling, a number of defendants have challenged gun possession charges against them. On Friday, a state appeals court ruled against such a challenge. The decision came in the case of Tamar Moore, who was charged with aggravated unlawful use of a weapon in Chicago in 2010 after police said they caught him with a gun in public.

A Cook County court ruled against Moore, and the Illinois Appellate Court ruled the law constitutional, saying that it did not find Posner's federal ruling "persuasive." Moore, as a convicted felon, was not legally entitled to have a gun anyway, the decision noted, but it cited that as a secondary issue.

The court noted that two U.S. Supreme Court cases on which the Posner ruling was based declared a right to have guns in the home for self-defense but did not explicitly extend that right outside the home, as Posner did.

"Given the line of contrary precedent in Illinois courts on this issue," the state appellate court wrote, "we see no reason to adopt the (federal) decision."

Citing a 1971 Illinois Supreme Court ruling, Illinois Appellate Court Judge Jesse Reyes wrote that the federal ruling "is not binding on Illinois courts" in the absence of the U.S. Supreme Court weighing in on the matter.

Reyes also noted that the 10th U.S. Circuit Court of Appeals also contradicted the 7th Circuit by ruling in February that "the concealed carrying of firearms falls outside the scope of the Second Amendment's guarantee."

Still, several people who have been charged with carrying a concealed weapon in public, but who are otherwise legal firearms carriers, have sought to use the 7th Circuit ruling to have their cases

dropped.

One involves Deafalla Haddad, a married father of three who was pulled over for speeding in Schiller Park in November and was charged with carrying a loaded gun in a waistband holster. He said he had the gun for protection because he had been attacked while driving in the city previously.

Though his arrest came before the federal ruling, it still would apply, said his attorney, Matt Fakhoury.

"If the law in effect at the time was unconstitutional, he can't be prosecuted for that," Fakhoury said. His request to drop the charge is awaiting a Cook County judge's decision.

In Springfield, attorney Daniel Noll filed a request to throw out charges against defendant Donnell Jackson, who was stopped by police on the street and charged with illegally possessing a gun.

But prosecutors in the central Illinois case argued that the law against guns in public still applies. The judge in the case agreed, so the charges remain standing.

More broadly, prosecutors have asserted their right and responsibility to continue enforcing the law. Paul Castiglione, director of policy in the Cook County state's attorney's office, testified at a hearing before a legislative panel in February that the federal ruling has no authority over state courts, and his office would continue prosecuting violations even after the June 8 deadline.

DuPage County State's Attorney Robert Berlin agreed.

"It's clear the law is still constitutional," he said. "We will continue to enforce it under that theory."

The issue becomes more "problematic" after June 8, he said, but he maintained that the decision would still be up to the state courts. He noted that one case is pending before the Illinois Supreme Court.

Law enforcement officials say they're generally leaving the issue for prosecutors and courts to decide. Members of the Illinois Association of Chiefs of Police say they're still arresting offenders, lobbyist Limey Nargelenas said. He said police are more sympathetic to gun rights downstate than in the Chicago area and that there may be some leeway in limited cases, such as people caught hunting while waiting for a delayed renewal of their firearm owner's identification cards.

Gun rights advocates like Todd Vandermyde, lobbyist for the National Rifle Association, say the upshot of the federal ruling is clear: If no new state law is passed by the June deadline, Illinois will become a "constitutional carry" state, with no state restrictions on guns in public. He believes

some prosecutors are quietly telling law enforcement officials not to arrest otherwise law-abiding gun carriers.

Constitutional law scholars said the issue is complicated by various factors.

Ronald Allen, a professor of constitutional law at Northwestern University, said federal courts clearly have the authority to declare laws unconstitutional within their jurisdictions.

If the General Assembly doesn't act by June 8, anyone convicted under relevant circumstances could likely get his or her conviction overturned in federal court, he said, though it might take years.

"If the Supreme Court doesn't take the case," Allen said, "those (prosecutions) won't go anywhere."

Other aspects of the law, Allen noted, such as prohibitions against felons having weapons, would remain in effect.

Aziz Huq, assistant professor of law at the University of Chicago, said the confusion arises from having two parallel court systems that in this case did not give each other their usual deference. While the federal ruling doesn't bind state courts, he said, it does affect police and prosecutors who could be held in contempt for violating the ruling.

"It's a very odd and puzzling situation that doesn't arise very often," he said. "It's very hard to make predictions."

Attorney Robert Pervan has three cases pending in which he is challenging gun charges based on the federal ruling. Some clients have chosen to take plea deals rather than wait months or years for legal rulings to play out, he said, and some prosecutors are more willing to do deals than wait and lose a case entirely.

"We're going to be in an endless mess of litigation figuring out how to apply this thing," he said.

rmccoppin@tribune.com