**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANDRE J.W. QUEEN, SR. and MARIA** | ) | |
| **QUEEN, individually and on behalf of all** | ) | |
| **others similarly situated,** | ) | |
| | ) | **Civil Action No. 13-CV-3483** |
| **Plaintiffs,** | ) | **Judge Amy J. St. Eve** |
| | ) | **Magistrate Judge Mary Rowland** |
| **v.** | ) | |
| | ) | |
| **ANITA ALVAREZ, solely in her official** | ) | |
| **capacity as State's Attorney for Cook** | ) | |
| **County, and ROBERT BERLIN, solely in** | ) | |
| **his official capacity as State's Attorney for** | ) | |
| **DuPage County,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY**
**JUDGMENT AND INJUNCTIVE RELIEF**

Pursuant to the Court's Order directing "Plaintiffs to file a supplemental brief in response to Defendants' motion to dismiss in light of the Illinois Senate and Assembly overriding Illinois Governor Quinn's amendatory veto of the concealed carry bill," D.E. 26, Plaintiffs respectfully submit this supplemental response reiterating their opposition to Defendants' motion for the reasons previously stated in Plaintiffs' original response in opposition ("Pl. Br. in Opp."), D.E. 25, and for the reasons explained in detail below.

**INTRODUCTION**

Plaintiffs brought this suit to vindicate their fundamental Second Amendment right to bear arms and to ensure they could exercise that right without fear of unlawful prosecution by

Defendants. Plaintiffs' need for this Court's protection of their constitutional rights is as great now as it was the day they filed their suit. Although the State of Illinois ("the State") has enacted a new law, the Firearms Concealed Carry Act ("FCCA" or "the Act"), Public Act 098-0063 (Ill.), *available at* http://ilga.gov/legislation/publicacts/98/PDF/098-0063.pdf, the new law is irrelevant to the specific arguments Defendants have made for dismissal of the Plaintiffs' case. The new law does not change the fact that there are no imminent or pending state prosecutions against Plaintiffs, making abstention inappropriate. The new law does not alter the fact that this Court is still bound by the Seventh Circuit's opinion in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), holding that Illinois's "flat ban on carrying ready-to-use guns outside the home" categorically violates the fundamental Second Amendment right to bear arms. *Id.* at 940. The new law also in no way moots Plaintiffs' constitutional challenge to the Illinois Unlawful Use of Weapons ("UUW") statute and the Illinois Aggravated Unlawful Use of a Weapon statute ("AUUW").

FCCA does not repeal these statutes that comprise the State's carry ban; rather, it amends Illinois law to provide that the existing statutory ban on the public carry of firearms shall not apply to an individual who has been issued a license under the Act. *See* § 155 of the Act. However, because FCCA also provides that the State Police shall have another 180 days after enactment to make license forms available to the public, *see id.* § 10(d), and once those forms are available, filled out, and filed with the State, the State Police will than have yet another 90 days to review those completed applications, *see id.* § 10(e), it will be another 270 days from passage of the FCCA—if not longer—before law-abiding citizens such as Plaintiffs will be able to exercise their constitutional right to publicly carry firearms. Thus, the need for an injunction to prevent Defendants from enforcing these unconstitutional statutes against Plaintiffs and other similarly situated individuals is as acute now as it ever was.

## ARGUMENT

**I.**      **Abstention Is Still Impermissible**

The passage of FCCA does alter the basic fact that " 'abstention from the exercise of federal jurisdiction is the exception, not the rule.' " *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (brackets omitted). Nor does the passage of FCCA change the basic fact that there are no imminent or pending state proceedings against Plaintiffs, which is essential in order for the Court to exercise abstention under the doctrine of *Younger v. Harris*, 401 U.S. 37, 41 (1971), or *Fenner v. Boykin*, 271 U.S. 240 (1926). *See* Pl. Br. in Opp., D.E. 25, at 5-10. The passage of FCCA also did not erase established Supreme Court precedent that plaintiffs are not required to break a law in order to challenge its constitutionality. *See Steffel v. Thompson*, 415 U.S. 452, 462 (1974) Pl. Br. in Opp., D.E. 25, at 9-10. In short, nothing in Plaintiffs' original opposition to Defendants' Motion to Dismiss ("Def. Mot.") explaining why the abstention argument advanced by Defendants is wrong or has changed by virtue of the passage of FCCA.

**II.**      **Plaintiffs' Complaint Still States a Claim for Relief Because Defendants Will Be Bound by the Injunction this Court Issues when It Follows *Moore*.**

The passage of FCCA also does not alter the fact that Plaintiffs have stated a claim for relief. Defendants have made clear that Plaintiffs are in danger of criminal prosecution for exercising their Second Amendment rights in Cook and DuPage Counties even after the Seventh Circuit's stay in *Moore* expires, which it did on July 9, 2013. *See* Def. Mot. 3 & n.1, 4-5 & n.2, 9, 12-14; Compl. ¶¶ 27-29. Plaintiffs' Complaint therefore seeks an injunction directed specifically at Defendants Alvarez and Berlin to ensure that they do not infringe Plaintiffs' constitutional rights by enforcing a carriage ban already found unconstitutional. Thus, Plaintiffs' complaint states a claim on which relief may be granted.

3

As previously explained, it is irrelevant that Defendants Alvarez and Berlin may not feel themselves to be bound by the Seventh Circuit's judgment in *Moore*; this Court is bound by that decision, and it is this Court that Plaintiffs are petitioning to enforce their rights. *See* Pl. Br. in Opp., D.E. 25, at 10. The fact remains that Defendants Alvarez and Berlin have trumpeted repeatedly that the Seventh Circuit's decision is not binding upon them and they do not intend to follow it. *See* Def. Mot. 3 & n.1, 4-5 & n.2, 9, 12-14. Indeed, as previously explained, it is precisely the Defendants' boast that they refuse to be bound by, and will not comply with, the Court of Appeals' decision that necessitates this lawsuit. There is no basis to believe their views have changed with the passage of FCCA and that they will forgo enforcing the ban on public carriage over the next nine months while the State Police are creating and reviewing applications for public carriage. If anything, Plaintiffs suspect that the passage of FCCA has only more firmly cemented their views that they can prosecute Plaintiffs and other similarly situated individuals under these unconstitutional statutes. Thus, the need for a declaration of unconstitutionality and injunction is as necessary now as it was the day this suit was filed.

### III.     FCCA Does Not Moot Plaintiffs' Claims

Although mootness is not a specific contention that Defendants have made, Plaintiffs wish to be clear that the passage of FCCA does not moot their claims. First and foremost, FCCA does not repeal the statutes found unconstitutional by the Seventh Circuit in *Moore*. It is undisputed that those statutes remain on the books and will continue to criminalize the public carrying of a firearm by the Plaintiffs until the new permitting system envisioned by the FCCA is in place and carry permits have been issued to Plaintiffs. *See Concealed Carry Frequently Asked Questions, How Will Illinois State Police (ISP) officers and local law enforcement respond to citizens who are carrying weapons?*, ISP.STATE.IL.US,

http://www.isp.state.il.us/firearms/ccw/ccw-faq.cfm ("The [Illinois State Police] will continue to enforce the law in effect" after July 9, 2013. Under that law, "[c]itizens cannot lawfully carry concealed weapons without a valid Illinois Concealed Carry License. Citizens who carry firearms without a Concealed Carry License issued by the [Illinois State Police] are subject to arrest."). Thus, the carriage ban being challenged by Plaintiffs in this case remains intact and will operate to bar Plaintiffs from exercising their Second Amendment rights for up to nine more months, if not longer. *See* §10(d) of the Act (giving the State Police 180 days to make license forms available to the public); §10(e) of the Act (giving the State Police 90 additional days to review completed applications). Every day between now and that uncertain future date, Plaintiffs are being forced to suffer irreparable harm. *See Ezell v. City of Chicago*, 651 F.3d 684, 698-99 (7th Cir. 2011) (holding that the very existence of a law that violates the Second Amendment "stands as a fixed harm" to law abiding citizens).

To be sure, months from now, Plaintiffs may have the ability to exercise their Second Amendment right to publicly carry once they can obtain, fill out, and have their carriage application approved, which may likely moot this case. But the law in this Circuit is clear: "a case does not become moot merely because it is highly likely to become moot shortly." *Selcke v. New England Ins. Co.*, 2 F.3d 790, 792 (7th Cir. 1993). Here, Plaintiffs' constitutional grievance has not been mooted by the FCCA—instead, the FCCA perpetuates that grievance for another nine months.

## CONCLUSION

For these reasons, together with those stated in Plaintiffs' original opposition, D.E. 25, Defendants' motion to dismiss should be denied.

Dated: July 17, 2013

William N. Howard
Atty. ID# 6190014
LOCKE LORD, LLP
111 South Wacker Drive
Chicago, IL  60606
(312) 443-0333
(312) 896-6433 (fax)
whoward@lockelord.com

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
Nicole J. Moss*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
ccooper@cooperkirk.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Charles J. Cooper, hereby certify that on this 17th day of July, 2013, I caused a copy of the foregoing to be served by electronic filing on:

Kent Stephen Ray
Cook County State's Attorney's Office
69 West Washington Street
Suite 2030
Chicago, IL 60602

Paul Anthony Castiglione
Cook County State's Attorney's Office
69 West Washington Street
Suite 3110
Chicago, IL 60602

Sisavanh Baccam Baker
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602

Gregory E. Vaci
DuPage County State's Attorney's Office
503 N. County Farm Road
Wheaton, IL 60187

s/ Charles J. Cooper
Charles J. Cooper