**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDRE J.W. QUEEN, SR. and MARIA QUEEN, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 13 C 3483<br>)<br>) |
| ANITA ALVAREZ, State's Attorney for Cook County, and ROBERT BERLIN, State's Attorney for DuPage County, | )<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On May 9, 2013, Plaintiffs Andre J.W. Queen and Maria Queen filed a one-count Complaint against Defendant State's Attorneys Anita Alvarez and Robert Berlin seeking declaratory and injunctive relief regarding the Illinois law banning public carriage of a firearm. Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). During briefing, the Illinois legislature enacted the Firearms Concealed Carry Act ("FCCA").[1] Thereafter, the Court directed the parties to file supplemental briefs addressing Defendants' motion to dismiss in light of Illinois' new "concealed carry" bill. For the following reasons, the Court grants Defendants' motion to dismiss pursuant to Rule 12(b)(1).

**LEGAL STANDARD**

The standard the Court employs on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. *See Apex Digital, Inc. v. Sears,*

---

[1] For an overview of the FCCA, *see Shepard v. Madigan*, ___ F.Supp.2d ___, 11-CV-405-WDS, 2013 WL 3874141, at *2 (S.D. Ill. July 26, 2013).

*Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. V. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Apex Digital*, 572 F.3d at 443-44; *United Phosphorous*, 332 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *See Apex Digital*, 572 F.3d at 443-44; *United Phosphorous*, 322 F.3d at 946. "Where jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raises the jurisdictional challenge." *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008).

## FACTUAL BACKGROUND

Andre J.W. Queen is the owner and operator of Fidelity Security and Investigative Services, Inc. (R. 3, Compl. ¶ 21). Consistent with his profession, Andre Queen is also a licensed private detective, a licensed private security contractor, and a registered firearms instructor. (*Id.* ¶ 21.) Maria Queen is a registered security and investigative employee of Fidelity Security & Investigative Services, Inc. (*Id.* ¶ 22.) Andre and Maria Queen are residents of Cook County and both possess valid Firearm Owners Identification ("FOID") cards. (*Id.* ¶¶ 23, 25.) Also, Plaintiffs allege that they are permitted to carry firearms while on duty. (*Id.* ¶ 23.) Conversely, when Plaintiffs are off duty, they are subject to the same laws as other citizens of the State of Illinois and, at the time they filed this lawsuit, Illinois prohibited them from carrying firearms. (*Id.*) Because of the unique nature of their work, which may include encounters with

2

dangerous individuals, Plaintiffs wish to publically carry firearms without the risk of prosecution. (*Id.*) Plaintiffs are not seeking any money damages, but instead, are seeking prospective relief.

The Seventh Circuit addressed Illinois' ban on carrying firearms in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012),[2] holding that Illinois' ban on public carriage of firearms violated the Second Amendment to the United States Constitution.[3] The Seventh Circuit, however, stayed its mandate for 180 days so that the Illinois legislature could enact a new law. Before the expiration of the 180 days, the Seventh Circuit granted a 30-day extension of its stay. On May 31, 2013, the state legislature passed the FCCA disposing of the ban on carrying firearms. On July 2, 2013, Illinois Governor Pat Quinn vetoed the bill. Thereafter, on July 9, 2013, the state legislature overrode Governor Quinn's veto and enacted the FCCA. The FCCA created a 180-day period in which the Illinois State Police have to make license forms available to the public. In addition, the Illinois State Police have an additional 90 days to review applications. Despite the FCCA's enactment and the *Moore* decision, at least two jurisdictions, Cook County and DuPage County, intend on enforcing the statutes banning carriage of firearm during the 270-day period. Moreover, the Illinois State Police has expressed similar intentions.

Andre and Maria Queen reside in Cook County and travel throughout the state, including DuPage County. As Andre and Maria Queen await the application process, they believe that the

---

[2] For a thorough analysis of the Seventh Circuit's decision in *Moore*, *see Shepard*, 2013 WL 3874141, at *2-3.

[3] In a recent decision, the Supreme Court of Illinois accepted the Seventh Circuit's approach in *Moore* and held that section 24-1.6(a)(1), (a)(3)(A) of the Illinois aggravated unlawful use of weapons ("AUUW") statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)) violated the Second Amendment of the United States Constitution. *See People v. Aguilar*, 2013 IL 112116, ___ N.E.2d ___, 2013 WL 5080118 (Ill. Sept. 12, 2013).

law will force them to choose between carrying firearms and risking prosecution or abiding by the law, and thus being unable to provide for their self-protection. On the other hand, Defendants assert that the FCCA has provided Plaintiffs with their desired result, namely, the elimination of a flat ban against carrying firearms. Defendants thus argue that Plaintiffs' claims are rendered moot.

## ANALYSIS

### I. Mootness

"The doctrine of mootness stems from Article III of the Constitution, which limits the jurisdiction of federal courts to live cases or controversies." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 894 (7th Cir. 2011). The mootness doctrine requires that parties possess "a personal stake in the outcome at all stages of the litigation." *Id.* at 895. "A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties." *Aslin v. Financial Indus. Regulatory Auth., Inc.*, 704 F.3d 475, 477 (7th Cir. 2013). "A dismissal on mootness grounds is a dismissal for lack of jurisdiction." *Bernstein v. Bankert*, ___ F.3d ___, 2013 WL 3927712, at *26 (7th Cir. July 31, 2013). Simply put, it is an established principle that "[f]ederal courts lack subject matter jurisdiction when a case becomes moot." *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011).

Plaintiffs' assertion that their claim is not rendered moot rests on the fact that the FCCA gives the Illinois State Police up to 180 days to make concealed carry license forms available to the public and an additional 90 days to review such completed applications. In addition, Plaintiffs argue that because the statutes criminalizing public carriage of firearms remain on the books, law enforcement will enforce them during the 270-day time period. Nonetheless,

4

Plaintiffs concede that while their claims may likely be mooted nine months from now, at the moment, the enactment of the FCCA does not preclude their claims.

Defendants in turn highlight the fact that the laws Plaintiffs challenge no longer remain the law in Illinois. More specifically, Defendants argue that the Illinois legislature remedied the unconstitutional provisions cited in Plaintiffs' Complaint when it enacted the FCCA. The Court agrees. When Illinois enacted the FCCA, Illinois eliminated its complete ban on public carriage. Plaintiffs premise their lawsuit on the complete ban. Because a "flat ban on carrying ready-to-use guns outside the home" is no longer the law in Illinois, Plaintiffs' lawsuit is now moot.

Defendants cite several cases that support this conclusion. In *U.S. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms v. Galioto,* 477 U.S. 556, 106 S. Ct. 2683, 91 L.Ed. 2d 459 (1986), the Supreme Court granted certiorari and heard oral arguments regarding the constitutionality of federal firearms legislation that prohibited mental patients and felons from obtaining firearms. In *Galioto*, the plaintiff, who was unable to obtain a firearm because he had been committed to a mental institution years before, challenged the law because special exceptions were made for certain felons, but not for mental patients. *See id.* at 557-58. While the case was still pending before the Supreme Court, Congress amended the law to allow certain former mental patients the ability to be exempt from the law. *See id.* at 559. The Supreme Court acknowledged the "new statutory scheme" and held that plaintiff's constitutional claims were mooted. *See id.*

The Seventh Circuit's decision in *Miller v. Benson*, 68 F. 3d 163 (7th Cir. 1995) (per curiam), lends further guidance. There, the Seventh Circuit addressed the constitutionality of a Wisconsin statute that banned religious schools from a program that would have allowed some students to attend private schools at public expense. *See id.* at 164. In *Miller*, the plaintiffs

5

brought suit arguing that the exclusion of religious schools from the program violated the free exercise clause of the First Amendment. *See id.* While the case was pending, the State of Wisconsin enacted new legislation that repealed the ban on religious schools. *See id.* In a per curiam opinion, the Seventh Circuit stated that "[t]he state legislature gave plaintiffs what they sought, and this case is therefore moot." *Id.* at 164, 165 ("Victory in the legislative forum makes judicial proceedings moot.").

The Seventh Circuit also addressed the mootness doctrine in *Federation of Adver. Indus. Rep., Inc. v. City of Chicago*, 326 F.3d 924 (7th Cir. 2003). In that decision, the Seventh Circuit noted that "repeal, expiration, or significant amendment to challenged legislation ends the ongoing controversy and renders moot a plaintiff's request for injunctive relief." *Id.* at 930 (citing *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990); *Mass. v. Oakes,* 491 U.S. 576, 582–83, 109 S.Ct. 2633, 105 L.Ed.2d 493 (1989); *Princeton Univ. v. Schmid,* 455 U.S. 100, 103, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982); *Kremens v. Bartley,* 431 U.S. 119, 128–29, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977); *Diffenderfer v. Cent. Baptist Church, Inc.,* 404 U.S. 412, 415, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972)). As these cases demonstrate, when a legislature responds to legal challenges against its statutes by altering or repealing those statutes, judicial proceedings are rendered moot.

A recent decision in the Southern District of Illinois further supports this outcome. *See Shepard v. Madigan*, 11-CV-405-WDS, 2013 WL 3874141 (S.D. Ill. July 26, 2013). In *Shepard*, the plaintiffs made the same arguments in the context of the FCCA as those made in this case, namely, that the length of time that the Illinois State Police had to implement a permitting process should weigh against a finding of mootness. *See id.* at *4. The district court rejected the plaintiffs' arguments and in the process made several key observations, including that the 270-

6

day period allotted to the Illinois State Police is a one-time event. *See id.* at *5. In addition, the district court noted that the Seventh Circuit gave the State of Illinois 180 days to "craft a new gun law that will impose reasonable limitations, consistent with the public safety and the Second Amendment . . . on the carrying of guns in public," and that the Seventh Circuit did not require the State to put both a new gun law and a permitting process to be in place within that 180 days. *See id.* at *6. In order for the State of Illinois to establish "reasonable limitations, consistent with public safety," as the Seventh Circuit desired it to do, it was left to the state to decide how to move forward. *See id*. The district court's decision in *Shepard* is thorough and well-reasoned and the Court adopts its reasoning.

Therefore, the Court grants Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because Plaintiffs' claim is moot.

## II. Defendants' Additional Arguments

Defendants make two additional arguments underscoring why Plaintiffs' lawsuit is moot. The Court addresses each argument in turn.

### A. Plaintiffs' Claim Constitutes a New Challenge

First, Defendants argue that any challenge made after the enactment of the FCCA is a new challenge that requires a new lawsuit. To advance their argument, Defendants rely on *Kansas Judicial Review v. Stout*, 562 F. 3d 1240 (10th Cir. 2009). In *Stout*, the Tenth Circuit stated, "there can be no doubt that the plaintiffs' challenge to the Solicitation Clause is moot. As plaintiffs readily concede, in adopting the new canons, the Kansas Supreme Court completely eliminated the challenged portion of the Clause." *Id.* at 1246. Moreover, the Tenth Circuit made clear that "if the plaintiffs wish to challenge the new canons, they must file a new complaint." *Id.* at 1249.

The *Stout* holding is supported by an unpublished Seventh Circuit decision, *National Rifle Assoc. of Am., Inc. v. City of Chicago, Ill.*, 393 Fed. Appx. 390, 2010 WL 3398395 (7th Cir. Aug. 25, 2010). In that case, the National Rifle Association challenged ordinances in Chicago and Oak Park, Illinois that banned the possession of various handguns. *See id.* After the Supreme Court decided *McDonald v. City of Chicago, Ill.*, ___ U.S. 130 S. Ct. 3020, 177 L.Ed.2d 894 (2010), the City of Chicago and the City of Oak Park repealed the challenged ordinances at issue. *Id.* The plaintiffs, nevertheless, believed that the new ordinances also had "constitutional flaws." *Id.* The Seventh Circuit reasoned "[p]laintiffs are entitled to pursue those contentions in new suits," because the "subject matter of this litigation [] no longer exists." *National Rifle Assoc. of Am.*, 393 Fed. Appx. 390, 2010 WL 3398395 at *1.

Accordingly, because the FCCA is a new statute, any challenge to its provisions, such as the length of the application process, is a new challenge and requires a new lawsuit.

### B. Defendants Are Not Proper Parties to Plaintiffs' New Challenge

Next, Defendants argue that they are no longer proper Defendants to this lawsuit because Plaintiffs now challenge the application of the FCCA, namely, the length of time taken by the Illinois State Police to implement a new processing system. In support of their argument, Defendants rely primarily on *MedImmune, Inc. v. Genentech.*, 549 U.S. 118, 127 S. Ct. 764, 166 L.Ed. 2d 604 (2007). There, the Supreme Court discussed the legal necessity of proper parties when it reiterated that, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 127. Four years later, Justice Kennedy noted that *MedImmune* stands for the proposition that "[t]he proper defendant in a suit for prospective relief is the party prepared to enforce the

relevant legal rule against the plaintiff." *Camreta v. Greene*, ___ U.S. ___, 131 S. Ct. 2020, 2043, 179 L.Ed. 2d 1118 (2011) (Kennedy, J., dissenting). Given the new statutory scheme under the FCCA and the Seventh's Circuit direction in *Moore* regarding the new permitting process, Defendant States Attorneys are not the proper parties in a claim that challenges the FCCA as applied. As such, the Court grants Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1).

**Dated:** September 25, 2013

                           **ENTERED**

                           _____
                           **AMY J. ST. EVE**
                           **United States District Judge**